UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

NATASHA THOMAS,
    Plaintiff,

  v.

TEK-COLLECT INCORPORATED,
    Defendant.

_____

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, NATASHA THOMAS, BY AND THROUGH COUNSEL, BRIAN J. OLSZEWSKI**, and for her Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE**

2. The transactions and occurrences which give rise to this action occurred in Champaign County, Illinois.

3. Venue is proper in the Central District of Illinois.

**PARTIES**

4. Plaintiff is a natural person residing in the City of Urbana, Champaign County, Illinois.

5. The Defendant to this lawsuit is Tek-Collect Incorporated, which is an Ohio corporation that conducts business in the State of Illinois.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Orthopaedic Specialists PC in the amount of $210.00 ("the alleged Debt").

7. On or about October 6, 2020, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the alleged Debt.

8. On or about October 13, 2020, Plaintiff submitted a letter to Defendant disputing the alleged Debt.

9. On or about October 19, 2020, a prospective lender, Synchrony Bank, obtained Plaintiff's Equifax credit file.

10. On or about November 11, 2020, a prospective lender, First Investment Services, obtained Plaintiff's Experian credit file.

11. On or about December 29, 2020, another prospective lender, DT Credit, obtained Plaintiff's Experian credit file.

12. On or about December 25, 2020, Plaintiff obtained her Equifax credit disclosure, which showed Defendant last reported the tradeline reflected by the alleged Debt to Equifax on December 14, 2020 and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

13. On or about December 29, 2020, Plaintiff obtained her Experian credit disclosure, which showed Defendant last reported the tradeline reflected by the alleged Debt to Experian on December 28, 2020 and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Equifax and Experian to flag its trade lines as Disputed.

16. Defendant's inaction to have its trade lines on Plaintiff's Equifax and Experian credit reports flagged as disputed was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit reports continue to be damaged due to the Defendant's failure to properly report the associated trade lines.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff reincorporates the preceding allegations One through Seventeen by reference.

19. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

23. Plaintiff has suffered harm and damages at the hands of the Defendant, and the harm sustained by Plaintiff is the type of harm that Congress specifically identified and intended to prevent consumers like Plaintiff from suffering.

24. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes the debt's validity.

25. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.  Defendant has continued to report false information on the Plaintiff's credit report.

26. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS that this Honorable Court** grant her a judgment against Defendant for statutory damages, actual damages, costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

/s/ Brian J. Olszewski
Brian J. Olszewski
Law Offices of Michael Lee Tinaglia, Ltd.
444 N. Northwest Hwy., Ste. 350
Park Ridge, IL 60068
Telephone: (847) 692-0421
Fax: (847) 685-8440
bolszewski@tinaglialaw.com
*Attorney for Plaintiff,*
*Natasha Thomas*